## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF NEW JERSEY

*Plaintiff(s)*

DAVID V. TRAINA and
HEATHER ADCOX-TRAINA a.k.a.
HEATHER M. ADCOX a.k.a.
HEATHER TRAINA
    vs.        *Civil Action No:*

*Defendant*(s)

SIMON'S AGENCY, INC.,
JOHN DOES I-V (Fictitious Individuals)
& ABC CORP I-V (Fictitious Companies)

            COMPLAINT AND DEMAND FOR
                JURY TRIAL

### COMPLAINT AND DEMAND FOR JURY TRIAL

  David V. Traina and Heather Adcox-Traina, Plaintiffs in the above entitled and captioned matter, by way of Complaint against the Defendants respectfully demand Judgment of this Honorable Court against each Defendant, as follows:

### INTRODUCTION

1.  This is an action for damages against all defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"). Plaintiffs seek actual damages, statutory damages, punitive damages, costs and attorney's fees pursuant to the FDCPA.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337, 28 U.S.C. § 1332.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that the conduct complained of occurred here and it is the district where Plaintiff resides.  28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs, David V. Traina and Heather Adcox-Traina, are a natural persons residing North Haledon, Passaic County, New Jersey.

4. Defendant, Simon's Agency, Inc., is a business entity engaged in the business of collecting debts in this State and are a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6) doing business in the State of New Jersey.

5. John Does I-V (Fictitious Individuals) are the employees, agents and assigns of any corporate or other business entity defendants and ABC Corp I-V (Fictitious Companies) are fictitious business entities engaged in the business of collecting debts and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a (6) and doing business in the State of New Jersey whose role in the debt collection process cannot yet be established.

6. Plaintiffs are "consumers" as defined in the FDCPA.

## REQUEST FOR TRIAL BY JURY

7. Plaintiffs request a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

8. Plaintiffs respectfully request that this Court instruct the jury, as the trier of facts, that in addition to actual, statutory and/or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FDCPA .

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

9. Plaintiff respectfully requests that this Court award Plaintiff litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the FDCPA.

## GENERAL FACTUAL BASIS

10. Plaintiff, David Traina, resides with his wife, Heather Adcox-Traina. The Plaintiffs were married June 2002. Ms. Adcox-Traina was at all relevant times a

   member of the Empower Federal Credit Union formally known as Empire Federal Credit Union. She became a member in the 1990s, prior to her marriage to David Traina.

11. Defendants have been attempting to collect a debt Heather Adcox-Traina allegedly owes to Empower Federal Credit Union.

12. Plaintiff, David Traina, was never a member of the Empower Federal Credit Union, never a customer of Empower Federal Credit Union and never signed any document for Empower Federal Credit Union. He was not married to Heather Adcox at the time she became a customer of then, Empire Federal Credit Union.

13. On February 9, 2011, the Defendants sent a collection letter addressed to the Plaintiff, David Traina at his home in North Haledon. Attempting to collect a debt which, even if valid against his wife, never obligated Mr. Traina.

14. On February 9, 2011, the Defendants also sent a collection letter addressed to the Plaintiff, Heather Traina at her home in North Haledon. Attempting to collect a debt which, she did not owe.

15. Plaintiff, David Traina disputed the debt multiple times to Defendants advising that he was not a member or customer of Empower Federal Credit Union and never signed any documents. In addition, he advised that he was not married at the time Heather became a customer of the credit union.

16. Plaintiff, Heather Adcox-Traina disputed the debt multiple times to Defendants advising that she had a credit card from Empire Federal Credit Union opened in the 1990s with a balance that was nowhere near the $42,896.63 amount Defendant was trying to collect.

17. In Response, to both disputes the Defendants provided, two pages of documents.

18. The first, a credit card application that appears to be a two sided document. Only the first page was provided. The document contains the name "Heather M. Adcox" hand printed in the applicant box. The rest of the document is barely legible, however, one can make out dates of "8/1/94, 12/92 and 5/94" in varying places on the document. There is no signature and several boxes appear to be "whited out."

19. The second page of documents has "2 of 2" imprinted on the bottom of the page but is clearly a different type size than the application. In addition, There is a signature which is neither Heather Adcox's nor David Traina's and a date of "11/06/68" in the "Member's Date of Birth" field which does not correspond to

either of the Plaintiffs'. The alleged supporting documents left no doubt that David Traina was not a party to any transaction with the credit union and raised serious doubt as to the validity of the alleged transaction with Heather Adcox, yet the Defendants continued to attempt collection against both Plaintiffs.

20. As a result of these action, Defendants violated numerous provisions of the FDCPA and Plaintiffs have sustained emotional distress as well as other damages.

21. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT I

### PLAINTIFF'S CLAIM AGAINST SIMON'S AGENCY FOR VIOLATIONS OF THE FDCPA

22. Plaintiffs repeat and incorporate by reference paragraphs 1 through 21 above as if set forth herein verbatim.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt.

   (b) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or was not intended to be taken.

   © The Defendants violated 15 U.S.C. § 1692f(1) by collecting amounts not permitted by law as prohibited by the code.

   (d) The Defendants violated 15 U.S.C. § 1692f by engaging in unfair practices.

24. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages and costs and attorney's fees.

WHEREFORE, Plaintiffs David V. Traina, and Heather Adcox-Traina respectfully pray that judgment be entered against the Defendants Simon's Agency, for declaratory judgment that

Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for such; actual damages; statutory damages pursuant to 15 U.S.C. § 1692k; punitive damages; costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

          **GREENBERG MINASIAN, LLC**
          Attorneys for the Plaintiff

Date: February 6, 2012        /s/William S. Greenberg
          WILLIAM S. GREENBERG (WG4659)
          GREENBERG MINASIAN, LLC
          80 Main Street, Suite 450
          West Orange, NJ 07052
          (973) 325-7711